IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**JOHN THOMPSON and KAREN THOMPSON,**<br><br>    **Defendants.** | Case No. 17-2648 |

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff Merrill Lynch, Pierce, Fenner & Smith's Motion to Strike Affidavit of Jarrod J. Malone (Doc. 29), defendants John Thompson and Karen Thompson's Motion to Dismiss or In the Alternative, Stay Proceedings and Compel Arbitration (Doc. 13), and plaintiff's Motion for Preliminary Injunction Against Proceedings in FINRA Arbitration (Doc. 18). Plaintiff filed this case against defendants, seeking to enjoin proceedings in a Financial Industry Regulatory Authority ("FINRA") arbitration defendants initiated. In the FINRA arbitration, defendants filed a statement of claims against plaintiff, asserting damages related to loss of stock value, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants responded by filing their motion to dismiss or stay proceedings in this case pending the outcome of the FINRA arbitration. Plaintiff then filed its motion for preliminary injunction to stop the FINRA arbitration.

For the reasons stated below, the court denies plaintiff's motion to strike Malone's affidavit, grants defendants' motion to stay proceedings and compel arbitration, deems defendants' motion to

dismiss for lack of subject matter jurisdiction and improper venue as moot, and denies plaintiff's motion for preliminary injunction.

**I.       Background**

Plaintiff is a broker-dealer and member of FINRA. Defendant John Thompson was plaintiff's employee and a registered FINRA Associated Person. When plaintiff employed Defendant John Thompson, plaintiff required him to submit a Uniform Application for Securities Industry Registration or Transfer (Form U4). Form U4, paragraph 5 requires employees to arbitrate any claim between the employee and firm that FINRA requires to be arbitrated.

While plaintiff employed defendant John Thompson, plaintiff compensated him partially with stock shares or stock options of plaintiff's affiliate, Merrill Lynch & Co. These stocks were deposited into plaintiff's brokerage accounts that plaintiff required all employees to open and maintain while employed. Defendants opened an account together and defendant John Thompson signed a customer agreement. The customer agreement included a requirement to arbitrate any disputes.

In 2014, plaintiff and its parent company, Bank of America, settled with the United States Department of Justice to resolve fraud charges for $17 billion. In this settlement, plaintiff and Bank of America admitted to flagrant misconduct and wrongdoing. These actions caused Merrill Lynch & Co.'s share value to decrease. This deprecation caused defendants' brokerage account with plaintiff to suffer losses greater than $25 million. As a result, defendants filed FINRA claims for FINRA arbitration.

**II.      The Court Denies Plaintiff's Motion To Strike Affidavit Of Jarrod J. Malone**

Defendants do not have a copy of the customer agreement they signed with plaintiff around 1973. In lieu of the original, defendants filed a representative customer agreement from 2017 that is available on plaintiff's website, along with defense counsel's signed affidavit. The affidavit explains

that defendants requested the original customer agreement signed by the parties in this case, but have not received it from plaintiff. *Id.* Plaintiff argues that the affidavit is untimely and cites examples of other cases where defendants' counsel represented other former employees of plaintiff with similar claims in which representative customer agreements were used. Plaintiff suggests that defendants' counsel should have provided the representative agreement earlier since the other cases show that he possessed it. Plaintiff does not address defendants' statement that plaintiff failed to provide defendants with a copy of the agreement they signed.

The court declines to strike the affidavit. While the court agrees that defendants could have filed the representative agreement earlier, it also accepts that defendants were waiting to receive a copy of the original agreement they signed. In any event, the court's ruling does not depend on the affidavit. The parties' briefing on this issue is limited to whether the document is timely and the court is not persuaded by that argument. The court denies the motion to strike.

**III.    The Court Grants Defendants' Motion To Stay Proceedings And Compel Arbitration**

Both parties agree that they signed arbitration agreements requiring FINRA arbitration. This dispute must therefore be resolved through FINRA arbitration. Under the Federal Arbitration Act ("FAA"), written agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Defendants and plaintiff entered into two arbitration agreements that they agree are valid.

Despite the valid arbitration agreements signed by the parties, plaintiff argues that defendants' claims do not fall under the signed arbitration agreement for two reasons. First, plaintiff argues that

-3-

defendants' dispute is with the wrong party. Plaintiff states the defendants' claims involved Merrill Lynch & Co. and not plaintiff. Plaintiff is a FINRA member, but Merrill Lynch & Co. is not, and plaintiff argues, should therefore not be compelled to arbitrate defendants' claims. But any dispute about who the correct party should be is a question for arbitration. *See Dean Witter*, 470 U.S. at 218. Defendant brought claims against plaintiff, which is undisputedly a FINRA member, not Merrill Lynch & Co.

Second, plaintiff claims that defendants cannot suggest that plaintiff took any action causing the devaluation of defendants' stock. Again, this is a merits argument to be determined in arbitration.

The court grants defendants' motion to proceed to arbitration. When a court refers a case to arbitration and a party moves to stay the case until arbitration concludes, the court shall stay the action. 9 U.S.C. § 3. This case is therefore stayed and the court finds defendants' request for alternative relief—to dismiss the case for lack of subject matter jurisdiction and improper venue—moot.

**IV.   The Court Denies Plaintiff's Motion For Preliminary Injunction**

As a preliminary matter, the court views and has treated plaintiff's motion for preliminary injunction more as a response to defendant's motion to stay this case and compel arbitration, which was filed first. But the court will address it on the merits out of an abundance of caution.

A preliminary injunction "is an extraordinary remedy never awarded as of right". *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). To receive a right to a preliminary injunction under Fed. R. Civ. P. 65, a party must show: "(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (quoting *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016)). The party

seeking the injunction holds the burden of persuasion for all four elements. *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). The court denies plaintiff's motion for preliminary injunction for the following reasons:

*Likelihood to Succeed on the Merits*

The relief sought in plaintiff's original injunction was to prevent the arbitration of this case. However, since the court has ruled that arbitration can proceed, plaintiff cannot demonstrate a substantial likelihood it will be awarded the original injunction on the merits.

*Irreparable Injury*

Plaintiff argues it would suffer irreparable injury if it were forced to arbitrate a dispute that it did not agree to arbitrate. To support this, plaintiff cites a variety of cases holding that compelling a party to arbitration it did not agree to constitutes per se irreparable harm. *See Monavie, LLC v. Quixtar Inc.*, 741 F. Supp. 2d 1227, 1242 (D. Utah 2009); *Tiffany v. KO Huts, Inc.*, 178 F. Supp. 3d 1140, 1148–49 (W.D. Okla. 2016); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990), *overruled on other grounds by Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002). However, as this court already ruled, plaintiff did agree to arbitration, so it will not be irreparably harmed.

Plaintiff may suffer expenses from defending FINRA arbitration claims. But economic harms are not irreparable injuries, even if the costs are substantial. *See F.R.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 496 (1980); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jordan*, No. 17-CV-49-RGA, 2017 WL 1536396, at *1, *8 (D. Del. Apr. 27, 2017). Additionally, plaintiff required its employees to agree to arbitrate any disputes, showing that plaintiff's "preferred vehicle for resolving disputes with customers is through arbitration." *Jordan*, 2017 WL 1536395, at *8. Therefore, plaintiff "cannot reasonably complain that the procedures of the FINRA arbitration irreparably harm them." *Id.* As a

result, plaintiff cannot establish it will suffer irreparable harm and therefore fails show the need for a preliminary injunction

### *Balance of Injuries*

Plaintiff cannot prove the balance of equities weigh in favor of granting the preliminary injunction. In weighing the equities, the court must "balance the irreparable harms [it] ha[s] identified against the harm to defendants if the preliminary injunction is granted." *Fish*, 840 F.3d at 754. Plaintiff argues the irreparable injury of having to arbitrate a claim it did not agree to outweighs any injury to defendants. However, the court has already found there is no irreparable injury to plaintiff. Since plaintiff makes no other argument of injury to itself, plaintiff has not met its burden for the preliminary injunction.

### *Adverse to Public Interest*

Plaintiff cannot prove a preliminary injunction is in the public interest. It only argues that forcing a party to arbitrate claims it did not agree to does not advance the public interest. Again, the court already found the parties did agree to arbitrate claims. Plaintiff provides no other argument that granting a preliminary injunction is in the public interest. Plaintiff fails to show that the four elements required under Rule 65 warrant a preliminary injunction in its favor.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Strike Affidavit of Jarrod J. Malone (Doc. 29) is denied. Defendants' Motion to Dismiss or In the Alternative, Stay Proceedings and Compel Arbitration (Doc. 13) is granted in part and denied in part. The court compels arbitration and stays proceedings, and denies as moot the motion to dismiss. Plaintiff's Motion for Preliminary Injunction Against Proceedings in FINRA Arbitration (Doc. 18) is denied.

This case is stayed pending arbitration of all claims.

Dated March 23, 2018, at Kansas City, Kansas.

                                                           s/ Carlos Murguia
                                                           **CARLOS MURGUIA**
                                                           **United States District Judge**